# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DE'ANGELO BENTLEY, MARQUES ROBERTSON, IKEYMA MCKENTRY, individually, and on behalf of all similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> FLOOD BROTHERS, INC., <br><br> Defendant. | CIVIL ACTION <br> FILE NO. _____ <br><br><br> **JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION COMPLAINT

This action is brought on behalf of all "Movers" employed by Flood Brothers, Inc. ("Flood Brothers" or "Defendant") within the United States. Flood Brothers willfully failed to pay Plaintiffs and other similarly situated employees proper overtime for all hours worked in excess of 40 per week, in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

## NATURE OF THE ACTION

1. Plaintiffs allege on behalf of themselves and other current and former Movers employed by Defendant in the United States, who choose to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "Collective Action") that they are (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive proper overtime premium pay, as required by the FLSA, and (ii) entitled to liquidated damages pursuant to the FLSA.

## JURISDICTION AND VENUE

2. This is an action for unpaid overtime under the FLSA. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this Complaint.

3. Venue is also proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this Complaint occurred within the Northern District of Georgia.

## PARTIES

4. Plaintiff De'Angelo Bentley ("Bentley") was an employee of Flood Brothers from approximately 2007 to February 2013.

5. Bentley's title during the relevant time period was Mover.

6. Plaintiff Marques Robertson ("Robertson") was an employee of Flood Brothers from approximately 2009 to June 30, 2011.

7. Robertson's title during the relevant time period was Mover.

8. Plaintiff Ikeyma McKentry ("McKentry") was an employee of Flood Brothers from approximately 2010 to October 2011.

9. McKentry's title during the relevant time period was Mover.

10. Flood Brothers did not pay Plaintiffs and other Movers overtime at a rate of 1 ½ their hourly rate for hours worked in excess of 40 per week.

11. Flood Brothers is a domestic Georgia corporation with its principal office address at 610 Waterfont Drive, Atlanta, Georgia.

12. Flood Brothers may be served with summons and a copy of the Complaint in this action by delivering process to its registered agent for service of process, John Flood, at 610 Waterfront Drive, Alpharetta, Georgia, 30336.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees, pursuant to 29 U.S.C. § 216(b).

14. Plaintiff and those similarly situated are individuals who were, or are, employed by Flood Brothers as Movers at any time within three years prior to filing this Complaint and who worked overtime but did not receive overtime compensation at a rate of 1 and ½ times their regular rate of pay (hereinafter the "Collective Action Class").

15.     The Collective Action Class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number is dependent are in the sole possession of Flood Brothers, upon information and belief there are more than one hundred members of the Collective Action Class, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, and/or knowledge of their claims.

16.     Plaintiffs will fairly and adequately protect the interests of the members of the Collective Action Class and have retained counsel that is experienced and competent in the fields of wage and hour law and collective action litigation.

17.     Questions of law and fact common to the members of the Collective Action Class predominate over  questions that may affect only individual members because Flood Brothers has acted on grounds generally applicable to all members of the Collective Action Class.

## **STATEMENT OF FACTS**

18. Flood Brothers is a commercial mover specializing in moving companies from one office location to another.

19. The primary job duty of members of the Collective Action Class was to go to customer locations and physically pack, unpack and move office furniture (*e.g.* tables, desks, chairs, file cabinets, computers *etc.*).

20. The vast majority of their time, members of the Collective Action Class engaged in manual labor consisting of physically packing, unpacking and moving office furniture at client locations.

21. Members of the Collective Action Class were closely supervised at the work sites by Project Managers and other Flood Brothers' management who scheduled their work, supervised them, and assigned them job tasks.

22. Members of the Collective Action Class were paid by the hour.

23. Drivers employed by Flood Brothers, and not members of the Collective Action Class, transported the office furniture from one client location to another.

24. Members of the Collective Action Class did not drive trucks engaged in interstate commerce.

25. Members of the Collective Action Class were not required to ride in trucks engaged in interstate commerce.

26. Members of the Collective Action Class did not exercise judgment and discretion in loading trucks in such a manner that the safe operation of vehicles on the highways in interstate or foreign commerce would not be jeopardized.

27. The work performed by Members of the Collective Action class did not directly affect the safety of operation of motor vehicles in interstate or foreign commerce.

28. Members of the Collective Action Class are similarly situated under the FLSA because: (1) their primary job duty was to physically go to the office locations of Flood Brothers' customers and pack, unpack and move office furniture; (2) they regularly worked in excess of 40 hours per week; and (3) they did not receive overtime compensation at a rate of 1 and ½ times their regular rate of pay.

29. At all relevant times, Flood Brothers required members of the Collective Action Class to regularly work hours in excess of 40 per week.

30. At all relevant times Flood Brothers was aware that members of the Collective Action Class regularly worked hours in excess of 40 per week.

31. At all relevant times, the express policy of Flood Brothers was not to pay members of the Collective Action Class overtime compensation at a rate of 1 and ½ times their regular rate of pay for hours worked in excess of 40 per week.

32. On information and belief, Flood Brothers' unlawful conduct described herein is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA and state wage and hour laws.

33. Flood Brothers was, or should have been, aware that state and federal law require it to pay employees performing non-exempt duties overtime at a rate of 1 and ½ their regular rate for all hours worked in excess of 40 per week.

34. Flood Brothers' failure to pay members of the Collective Action Class overtime at a rate of 1 and ½ their regular rate for all hours worked in excess of 40 per week was willful and in bad faith.

## COUNT I
## Willful Failure Pay Overtime in Violation of the FLSA

35. Plaintiffs incorporate by reference all preceding paragraphs of the Complaint.

36. Flood Brothers engaged in a widespread pattern, policy and practice of violating the FLSA by failing to pay members of the Collective Action Class overtime at a rate of 1 and ½ their regular rate for hours worked in excess of 40 per week.

37. At all relevant times, members of the Collective Action Class were engaged in commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

38. The overtime wage provisions set forth in the FLSA apply to Flood Brothers and protect the members of the Collective Action Class.

39. At all relevant times, Flood Brothers was, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

40. At all relevant times, Flood Brothers employed, and/or continues to employ, members of the Collective Action Class within the meaning of the FLSA.

41. Upon information and belief, at all relevant times, Flood Brothers has had gross revenues in excess of $500,000.00.

42. Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

43. As a result of Flood Brothers' willful failure to compensate the members of the Collective Action Class at a rate of 1 and ½ their regular rate for hours worked in excess of 40 per week, Flood Brothers has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

44. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Because Flood Brothers' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

45. Flood Brothers did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and the members of the Collective Action Class.

46. Due to Flood Brothers' FLSA violations, Plaintiffs and the members of the Collective Action Class are entitled to recover from Flood Brothers their unpaid overtime wages for all of the hours they worked in excess of 40 per week, an additional and equal amount as liquidated damages for Flood Brothers' willful

violations of the FLSA, prejudgment interest, reasonable attorneys' fees and costs of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and all members of the Collective Action Class who join this action demand a **TRIAL BY JURY** and the following relief:

a. Designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated persons employed by Flood Brothers as Movers during the relevant time period, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b) and tolling of the statute of limitations;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An award of unpaid wages for unpaid overtime compensation due under the FLSA;

d. An award of liquidated damages as a result of Flood Brothers' willful failure to pay overtime compensation;

e. An award of prejudgment and post-judgment interest;

f.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

g.  Such other and further relief as this Court deems just and proper.

Respectfully submitted, this 9th day of July, 2013.

>*/s/ Justin M. Scott*
> Steven E. Wolfe
> Georgia Bar No. 142441
> sewolfe@buckleyklein.com
> Justin M. Scott
> Georgia Bar No. 557463
> jmscott@buckleyklein.com

BUCKLEY & KLEIN, LLP
Promenade II, Suite 900
1230 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone:  (404) 781-1100
Facsimile:  (404) 781-1101

Attorneys for Plaintiffs